Per Curiam.

Third-party defendant American Stevedores, Inc. was chargeable solely with the reasonable value of the legal services rendered on behalf of the shipowner, defendant and third-party plaintiff, Concordia Lines, in the defense of plaintiff’s action, as distinguished from the legal services rendered in prosecuting shipowner’s third-party claim. Said defendant conceded at all times its liability to plaintiff for the $2,000 provided in the bill of lading provision for limitation of liability and found by the court. Plaintiff did not seriously dispute such limitation of liability on the part of said defendant, the action really involving its claim for full liability in the action instituted by it against the stevedore, American Stevedores, Inc. The *367 preponderant effect of the legal services rendered on behalf of the shipowner was in furtherance of its third-party claim against the stevedore, which was vigorously contested as to all issues by the stevedore. On that basis, the finding below of $3,250 for the reasonable value of legal services rendered the shipowner, chargeable to the stevedore, allocated and limited to the defense of plaintiff’s action, is viewed as excessive. In light of all the circumstances, the reasonable value of such services is fixed at $2,000.
We have examined the other points raised by both appellants and affirm the judgment in all other respects.
The judgment should be modified by reducing third-party plaintiff’s recovery for attorneys’ fees to $2,000, with interest from April 30,1969 and, as modified, affirmed, with $25 costs to defendant and third-party defendant as against plaintiff.
Concur — Markowitz, J. P., Gold and Streit, JJ.
Judgment modified, etc.